## Lewis *versus* Ewing.

1. An administrator has no right to transfer to himself stocks belonging to the estate of the decedent, before he has settled his administration account; such transfer vests no title in him, but the administrator *de bonis non* of the estate of the decedent may recover the value of the same, by action against the personal representative of the administrator.

2. It was not a matter of defence in this action, that the plaintiff had assets sufficient to pay debts and legacies, and that the deceased administrator was entitled to the estate as distributee; the Orphans' Court is the tribunal to determine those questions.

ERROR to the District Court, *Philadelphia*.

This was an action of *indebitatus assumpsit* brought by Jacob O. Ewing, administrator *de bonis non* with the will annexed of *John* Cook, deceased, against John T. Lewis, administrator *cum*

[Lewis *v.* Ewing.]

*testamento annexo* of *William W. Cook*, deceased.   The action was brought to recover the value of certain stocks originally belonging to John Cook, and which William W. Cook, as administrator of his estate, without submitting an administration account on the estate of John Cook, had transferred to himself, he claiming them as the only heir to his father, the said John Cook.   It was admitted that the stocks had come to the possession or control of the defendant.   On the 19th October, 1847, John Cook died.   On 26th October, 1847, a paper, bearing date 22d February, 1845, purporting to be his last will, was presented for probate, but the Register refused to admit it to probate.

On 11th November, 1847, letters of .administration on the estate of *John* Cook were granted to William W. Cook.   He transferred to himself certain securities which were in the name of John Cook, and the value of which were the subject of this suit.   On 22d December, 1847, W. W. Cook died, leaving a will, which was subsequently proved.   No executor was named in the will, and letters of administration on ·his estate, with the will annexed, were granted to John T. Lewis, the defendant, on 26th January, 1848. On 28th January, 1848, letters of administration *de bonis non* of the estate of John Cook, deceased, were granted to Jacob O. Ewing, the plaintiff in this suit.

On 26th February, 1848, John T. Lewis, as administrator, &c., of William W. Cook, filed an inventory amounting to $38,182.64; and on 28th February, 1848, Jacob O. Ewing, as administrator, &c., of John Cook, filed an inventory amounting to $5429.19. Subsequently another paper, purporting to be the last will of *John* Cook, was presented to the Register, who refused to admit it to probate, but on appeal a verdict was rendered in the Common Pleas *in favor of the will*.   By this will John Cook bequeathed certain legacies, and devised the residue of his estate to his wife, and subject to her disposal by will, and to her heirs and assigns. He nominated his son W. W. Cook, and his wife, to be the executors.   Rebecca, his wife, died in the lifetime of the testator, leaving an only child, the said William W. Cook.   William W. Cook, by his will, bequeathed certain annuities, and also some legacies; the residue of his estate and any accumulation was to be passed over, at the time stated in the will, to the "Blind Asylum, and Pennsylvania Hospital, or to the directors or managers thereof, in equal and undivided portions." Some or all of the stocks which were transferred by W. W. Cook to himself, were subsequently transferred to John T. Lewis, the defendant, administrator.   No account of W. W. Cook on the estate of his father, had been filed.

On the trial the *defendant's* counsel offered to show the amount of assets which had come to the possession of the *plaintiff* as administrator, &c., of John Cook.   The Court disallowed this, and exception was taken.   The object was to show that the plaintiff

had assets sufficient to pay the legacies bequeathed by the will of John Cook.

SHARSWOOD, J., directed the jury to find a verdict for the plaintiff, subject to the opinion of the Court on the whole evidence. Verdict was rendered for the plaintiff for $28.459.06; and subsequently judgment was entered for the plaintiff.

The rejection of the evidence, the charge to the jury, and the entering of judgment for the plaintiff, were assigned as error.

The case was argued by S. Lewis, for plaintiff in error; and by E. S. Miller, for defendant.

The opinion of the Court, filed May 17, was delivered by

LEWIS, J.—W. W. Cook, administrator of John Cook, deceased, without otherwise administering, and without filing any administration account, transferred, as administrator, to his own use, a large amount of stock in different corporations, belonging to the estate. He then died, and Lewis, the plaintiff in error, became his administrator. It was discovered that John Cook had made a will, and Ewing became administrator de bonis non, &c., and brought the present action for the recovery of the assets thus converted.

It is provided by the 31st section of the Act of 24th February, 1834, that an administrator de bonis non may maintain an action against his predecessor for the assets remaining in the hands of the latter, belonging to the estate of the decedent. The transfers of stocks by W. W. Cook to himself was a wrong from which his estate can derive no advantage whatever. They remain, as before, the assets of John Cook, deceased, and the present action was properly brought for their recovery.

The defence that there are other assets to pay debts, and that W. W. Cook is entitled as distributee being contested, cannot be determined in the present action. The Orphans' Court is the forum for settling the accounts of the administrator; and it is there that the surplus of the assets, after payment of debts, is to be ascertained, and distribution decreed to the parties entitled. In the mean time, the proper personal representative is entitled to the possession of the personal estate. It was the duty of W. W. Cook to have settled his administration account in that Court before he could legally convert the assets to his own use; and if this action was brought before he had time to file his account, he or his representative might have obtained a stay of the present proceeding, on filing his account afterwards, according to the provisions of the section already cited.

The defence was altogether untenable, and was properly overruled by the Court below.

Judgment affirmed.