Estate of J. Morton Ivison, Deceased.

Submitted March 10, 1931.

Before TREXLER, P. J., KELLER, LINN, GAW-THROP, CUNNINGHAM, BALDRIGE and DREW, JJ.

*Robert C. Fluhrer,* for appellant.

*George Hay Kain,* for appellee.

OPINION BY TREXLER, P. J., April 15, 1931:

J. Morton Ivison, the decedent, died intestate February 10, 1928, leaving to survive him as his only heir, his daughter, Elizabeth I. Wisotzkey, the accountant.

On March 5, 1928, letters of administration were granted by the Register of Wills of York County, and due notice given to the public by advertisements for six consecutive weeks in the proper newspapers, as provided by law.

The gross estate of the decedent amounted to about $3,000, being the proceeds of two policies of life insurance. The accountant deposited the money obtained in her individual bank account. She filed no inventory or appraisement.

On May 15, 1928, she filed an affidavit in the office of the Register of Wills for the settlement of inheritance tax, showing a balance for distribution of about $1800. The Citizens Savings and Trust Company of York, Pennsylvania, (now the York Trust Company) had a judgment against the decedent which had been entered November 3, 1923, in the proper office in York County. The first written notice to the administratrix of the claim founded on this judgment was given by letter written to counsel for the administratrix on October 17, 1928, more than six months after the granting of letters of administration and prior to this time, the administratrix had no knowledge of the claim. Between May 15, 1928, and October 17, 1928, the accountant, who was the sole heir, drew out, for her own use, the entire residue of the estate remaining after the payment of the inheritance tax so that when she received knowledge of the claim, she had already disbursed the entire estate.

George L. Sprenkel, treasurer of the Trust Company, had learned promptly of the death of the decedent and that letters of administration had been granted to the accountant and before the expiration of six months, after the granting of the letters, had on two occasions called at the office of the Register of Wills to ascertain whether an inventory or appraisement had been filed, but had no actual knowledge of the assets of the estate until more than six months after the granting of the letters.

On February 26, 1929, by direction of the court, on petition of the trust company, the accountant filed her first and final account in which there was a balance of $1763.23. The trust company presented its claim

before the auditor and the heir-at-law objected because it had not given notice of its claim within six months after the granting of the letters. The auditor allowed the claim, the correctness of which was not in dispute, and the court approved this action of the auditor; hence this appeal by the heir.

The Act of June 7, 1917, P. L. 447, Section 49b, provides that, "Executors or administrators may make distribution, and pay or deliver legacies, without the audit of their accounts, upon such security as may be satisfactory to them, nevertheless at their own risk, but without liability to any creditors of the decedent who shall not have given written notice to the executor or administrator within six months after the granting of the letters testamentary or of administration, provided that such executor or administrator has complied with the provisions of section ten of this act." Section 10 provides for public notice of the granting of letters by advertisement.

It will be noticed that section 49b allows executors and administrators to make distribution without the audit of their *accounts,* without liability to creditors who have not given written notice within six months. It implies that necessarily an account is filed. It would hardly be a correct construction of this section to hold that when an accountant files his account a creditor even though he has given no notice, may not, before distribution, demand payment. The account, according to the section, must precede the distribution. It does not contemplate that the administratrix, as in this case, should take possession of the estate and use it as her own before any account is filed.

The present act is not the first legislation we have had upon the subject. The proviso of the act of March 29, 1832, Section 19, providing that no creditor who neglects or refuses to exhibit his account to the executor or administrator within twelve months after pub-

lic notice given, shall be entitled to receive any dividend, was held to be directory merely, and a creditor living out of the county and without knowledge of the fund was allowed to participate even after the final decree, but before distribution. Cowan's Estate, 184 Pa. 339. Similar construction was placed on the Act of 19 April, 1794, P. L. 14, which barred the creditor who failed to present his claim in twelve months. Mitchell's Estate, 2 Watts 87, 88; Smith's Estate, 1 Ashmede 352.

"There is an established principle that where the thing to be done may as well be done after as before the time prescribed, where it is a matter of manner or order or convenience rather than of substance, the courts assume the legislative intent to be directory." Reid v. Clendenning, 193 Pa. 406, 420; citing Cowan's Estate, supra. See also Rastaetter's Estate, 15 Pa. Superior Ct. 549, 554. There is no doubt that proper compliance with the law on the part of a creditor requires him to present his claim within six months, but if he presents it later, before distribution, no harm is done. The law is but an act of limitation, intended to protect the administrator after he has distributed the fund in the *time* and *manner prescribed* by *law*. When this accountant converted the estate and reduced the assets to her own possession, it was not a distribution according to law. Lewis v. Ewing, 18 Pa. 313.

The decree of the orphans' court is affirmed. The appellant to pay the costs.