## Harmon et al. v. Everhardt

R. E. James, for plaintiffs; Henry K. Van Sickle, for defendant.

STEWART, P. J., April 30, 1934.—Sci. fa.'s were issued in the above cases to Sarah J. Everhardt, executrix of the last will and testament of O. A. Everhardt, to show cause why she should not be made a party defendant in said

actions. Answers were filed wherein the said Sarah J. Everhardt prayed for the dismissal of the sci. fa.'s. The facts were admitted as follows:

The plaintiffs instituted suits on August 26, 1930, against O. A. Everhardt, who died on August 4, 1931, and appointed Sarah J. Everhardt his executrix. Letters were duly issued to her on August 10, 1931. She immediately inserted the notice of her appointment as executrix in two papers for 6 consecutive weeks beginning on August 14, 1931. She filed her account as executrix on August 4, 1932. Said account was confirmed nisi on September 12, 1932. No exceptions were filed to the account, and its confirmation became absolute on September 27, 1932, as provided by the rules of our court. Sarah J. Everhardt has completed her duties as executrix, and distribution of all funds in her hands has been made. On April 6, 1933, the death of O. A. Everhardt was suggested, and on the same day it was suggested that the said Sarah J. Everhardt be made a party defendant, but that was never done. The sci. fa.'s in suit were issued on February 28, 1934. No written notice of the claim of the above-named plaintiffs had been given to Sarah J. Everhardt prior to the service of the sci. fa.'s on her.

The proceedings in suit were under section 35 (*f*) and (*g*) of the Fiduciaries Act of 1917, as amended by the Act of March 30, 1921, P. L. 55, but were not commenced until 17 months after the account was confirmed absolutely. The learned counsel for Sarah J. Everhardt contends that, under section 49(*b*) of the Fiduciaries Act, she was protected in the distribution which she made after the account had been confirmed absolutely. That section is as follows: "Executors or administrators may make distribution, and pay or deliver legacies, without the audit of their accounts, upon such security as may be satisfactory to them, nevertheless at their own risk, but without liability to any creditors of the decedent who shall not have given written notice to the executor or administrator within six months after the granting of letters testamentary or of administration, provided that such executor or administrator has complied with the provisions of section ten of this act."

The section just quoted is a new section. The first sentence is founded upon section 58 of the Act of February 24, 1834, P. L. 70, which was derived from section 16 of the Act of April 19, 1794, 3 Sm. L. 143. It is here altered by substituting "the audit of their accounts" for "application as aforesaid", and by adding the words beginning "but without liability". The words "but without liability to any creditors of the decedent", etc., mean something. They mean just what they say. The executor is exempted from liability provided he has complied with the law.

There are two cases which seem to us to rule the present case. One is Ivison's Estate, 101 Pa. Superior Ct. 326, where President Judge Trexler said (p. 329): "It will be noticed that section 49b allows executors and administrators to make distribution without the audit of their *accounts*, without liability to creditors who have not given written notice within six months. It implies that necessarily an account is filed. It would hardly be a correct construction of this section to hold that when an accountant files his account a creditor even though he has given no notice, may not, before distribution, demand payment. The account, according to the section, must precede the distribution. It does not contemplate that the administratrix, as in this case, should take possession of the estate and use it as her own before any account is filed."

It will be noticed that in that case the executor filed no account. The other case is Mack's Estate, 111 Pa. Superior Ct. 20, the syllabus of which is: "The petition of a creditor of a decedent's estate praying that an adjudication of the

estate be opened and reviewed, and that its claim as a creditor be allowed, will be dismissed where, in the settlement of the estate, all the legal requirements as to notice, etc., were complied with and the balance for distribution has actually been paid, in the absence of notice of the claimant's demand, to those entitled thereto, and the award satisfied.

"The advertisement of an executor's account amounts to constructive notice to all persons, who have not given the executors written notice of their claim against decedent's estate, that the account has been filed.

"Distribution from executors to trustees is actual distribution although they be the same persons."

The argument of the learned counsel for the plaintiffs is ingenious, but it entirely overlooks the change in existing law that we have referred to above. We agree with him that, if the executrix in this estate had preferred to have an auditor appointed, the mere fact that no notice of the present claim had been given to the executrix would not prevent its presentation to the auditor: Cowan's Estate, 184 Pa. 339. Where there has been an audit, even though no refunding bonds have been taken, the executor is absolutely protected by the decree of distribution. However, the executor may distribute and, if the creditor has given the notice required by law, and the executor does not allow his claim, the executor is not protected but must pay the claim. If there is anything in his argument as to the expediency of the legislation, it could only be corrected by the legislature itself. We must take the law as we find it. The motions in these cases, as appears from the answers, are to dismiss the sci. fa's. We think the proper order would be to enter judgment in favor of the defendant in each case.

And now, April 30, 1934, the prothonotary is directed to enter judgment for the defendant in each of the above cases.

From Henry D. Maxwell, Easton, Pa.