## Samuel Hano Company, Appellant, *v.* Hano.

*Trusts and trustees—Executors and administrators—Assessment on stock—Corporation—Parties.*

Where a testator leaves his estate, including shares of stock in a foreign corporation, to his executors in trust for the uses and purposes declared in his will, and the executors file their account, and a decree is entered awarding to them as trustees the stock in question, a decree of a court of the state of the corporation's origin subsequently entered levying an assessment against the executors of testator is no ground for an entry of a judgment in this state against the trustees. The decree awarding the stock to the trustees cannot be impeached collaterally, and as long as it stands the stock in the hands of the trustees is discharged of liability for any indebtedness of the testator's estate. In such a case the fact that the individual trustees were the same persons as the executors of the will is a matter of no significance.

Argued Jan. 13, 1909. Appeal, No. 259, Jan. T., 1908, by plaintiff, from order of C. P. No. 4, Phila. Co., March T.,1907, No. 3,609, discharging rule for judgment for want of a sufficient affidavit of defense in case of Samuel Hano Company v.

Aaron R. Hano, Rachel Hano and Samuel Cohen, trustees under the last will and testament of Louis Hano, deceased. Before Mitchell, C. J., Fell, Mestrezat, Potter, Elkin and Stewart, JJ. Affirmed.

Assumpsit to recover assessments levied upon the stock of a corporation. Before Audenried, J.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was in discharging rule for judgment for want of a sufficient affidavit of defense.

*Stevens Heckscher*, of *Duane, Morris, Heckscher & Roberts*, for appellant.—While it is true that there was no duty on the part of defendants to have the stock transferred from themselves as executors to themselves as trustees, they would probably have been permitted to have made an election and rejected the stock as a damnosa hereditas, or an undesirable piece of property, much as an assignee may reject a policy of insurance that would be more burdensome than beneficial. But in the absence of any overt act on their part rejecting the stock, the presumption is that they accepted the gift of inheritance for their beneficiaries, especially when the stock was awarded to them as trustees as part of decedent's estate by our orphans' court. The burden of proof is on defendants to show such rejection of the stock, and such an election "must be evidenced by unequivocal acts, clearly proved, and the burden of showing this is upon him who alleges that an election has been made:" Miller's Estate, 159 Pa. 562; Cox v. Rogers, 77 Pa. 160; Provident Life & Trust Co. v. Fidelity Ins., etc., Co. 203 Pa. 82; Coquard v. Marshall, 14 Mo. App. 80; Whitney v. Butler, 118 U. S. 655 (7 Sup. Ct. Repr. 61); Schofield v. Turner, 213 Pa. 548.

*John G. Johnson*, with him *Furth & Singer*, for appellees.— A suit cannot be maintained against Aaron R. Hano, Rachel

Hano and Samuel Cohen, trustees, etc., upon the decree of the New Hampshire court, directing an assessment against Aaron R. Hano, Rachel Hano and Samuel Cohen, executors of the will of Louis Hano, deceased.

Opinion by Mr. Justice Stewart, March 29, 1909:

By a decree of a New Hampshire court made January 3, 1906, an assessment was levied upon the shares of stock of an insolvent corporation of that state for the payment of the debts of the corporation. One Louis Hano, a citizen of this state, was, at the time of his death, December 14, 1897, the owner of 5,100 shares. These shares were included in the general assessment, and were assessed as held by "Aaron R. Hano, Rachel Hano, and Samuel Cohen, Executors of the will of Louis Hano, of Philadelphia, Penna." The amount of this particular assessment was $10,200, and the present action was brought by the receiver of the corporation, in the name of the corporation, against these defendants for its recovery. If the action were for the recovery of an assessment made against these defendants, or if it were against the legal representatives of the estate of Louis Hano, deceased, the several very interesting questions involving the regularity and enforcibility within this jurisdiction of the foreign decree sued on, and which were so ably discussed on the argument, would necessarily be for our consideration and determination. But we face neither of these conditions. The assessment was not made against the defendants; nor are they brought into court as the executors of the will of Louis Hano, but as "trustees under the will of Louis Hano, deceased." The plaintiffs would derive liability on their part as trustees from the following facts which are recited in the third paragraph of the statement of claim filed: "At the time of his death, said Louis Hano was the owner of five thousand one hundred (5,100) shares of stock of said Samuel Hano Company, and by his last will and testament, dated August 19, 1897, and a codicil thereto dated November 12, 1897, and recorded in the office of the Register of Wills of Philadelphia County, in Will Book 196, pp. 569, etc., bequeathed and devised all his

property, including the aforesaid stock, to his executors, Aaron R. Hano, Rachel Hano and Samuel Cohen, in trust for the uses and purposes declared in his said will and codicil. Said will and codicil were duly probated before the Register of Wills of Philadelphia County, State of Pennsylvania, and the said Aaron R. Hano, Rachel Hano and Samuel Cohen duly qualified as executors of the estate of said Louis Hano, deceased. Said executors duly filed their account, and by an adjudication of the Orphans' Court of Philadelphia County, State of Pennsylvania, dated March 17, 1899, in said estate of Louis Hano, deceased, No. 559, October Term, 1897, all of the aforesaid shares of stock were awarded to the·accountants, the said Aaron R. Hano, Rachel Hano and Samuel Cohen, as trustees (the defendants herein), for the further uses and trusts declared in said will.˙ Said stock continued to be held by defendants as trustees up to the time of and subsequent to the levying of the assessment of two dollars ($2.00) per share aforesaid and is still held by said trustees."

Had the decree of the New Hampshire court ordering the levy of an assessment been directed against the defendants as trustees owning or holding the stock, the facts above stated would be pertinent, and quite sufficient, other things being equal, to impose liability on the estate in their hands; but the decree established an indebtedness of Hano, and involved his estate only. The defendants, as trustees, stand in no relation, at least no representative relation, to the estate of Hano. The funds they hold, and which they are answerable for, were, it is true, derived from the estate of Hano, but they ceased to be any part of that estate when they were awarded to and received by the defendants under a decree of distribution in the adjudication of the account of the executors. If for any reason they can yet be made answerable for any unsatisfied indebtedness of the estate of Hano, it is quite certain that no such recovery can be reached through a common-law action brought by the creditor against the trustees. Yet this would be the result were the present action to be sustained. The debt here sought to be recovered is the debt of Hano fixed

and established by the decree against the estate. Even conceding that there may be equitable reasons why the estate in the hands of these trustees should be held liable for its payment, these can only avail as they are asserted in a proceeding for a review of the adjudication under which the trustees held. So long as the decree upon that adjudication stands, it may not be impeached collaterally or circumvented, and these defendants will continue to hold the funds awarded them thereunder discharged of liability for any indebtedness of the estate of Louis Hano. The fact that the individual trustees were executors of the will as well, is a matter of no significance. When they settled their account as executors their functions as executors ceased so far as concerned the estate accounted for and distributed. Thereafter they continued to act as trustees, not by reason of the fact that they had been executors, but by virtue of the appointment contained in the will. The learned judge of the court below in his opinion dismissing the motion for judgment for want of sufficient affidavit of defense states the case in a paragraph: "Here then," he says, "is an action in which it is attempted to recover money from certain persons acting in one capacity on the basis of the decree of a court in another state which requires those parties to pay it in an entirely different capacity. We are clear that the decree of the New Hampshire court against the defendants as the executors of Louis Hano affords no ground for the entry of a judgment against them as trustees under Louis Hano's will." In this conclusion we concur.

Appeal dismissed at costs of appellant.