## Estate of Edwin R. Mack, Deceased.

Argued October 12, 1933.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*J. Montgomery Forster,* of *Powell and Ludlow,* for appellant.

*Harry Fischer,* of *Illoway & Fischer,* for appellee.

OPINION BY KELLER, J., December 16, 1933:

We find no error in the decree of the court below refusing to open and review the adjudication in the estate of Edwin R. Mack, deceased, and permit the appellant, J. & G. Rich Company to present its claim for allowance.

The following facts appear by the record and are undisputed. Edwin R. Mack died testate on January 29, 1931. Letters testamentary were issued to his wife, Mabel S. Mack, and The Corn Exchange National Bank and Trust Company on February 4, 1931 and

duly advertised. They filed their account on February 29, 1932. It was duly advertised, and was confirmed nisi on March 18, 1932, and on the same day the adjudication was filed. On April 7, 1932 the schedule of distribution was approved and filed, awarding the net balance of the account to the Corn Exchange National Bank & Trust Company, as trustee, under decedent's will; said will providing that the net income of said trust estate should be paid testator's wife, Mabel S. Mack, for and during her natural life, with the right in her to withdraw of the principal, not exceeding five per cent in any one year; after her death the net income to go to testator's sister-in-law, Grace A. Sutter (Bickle) during her life, and upon her death, the principal to go to the latter's son, Allan Sutter, if living; and in the event of his prior death to the Germantown Hospital.

On April, 23, 1932, the balance so awarded was paid the Corn Exchange National Bank & Trust Company, trustee, and the award duly satisfied.

On April 21, 1933, nearly a year thereafter, the appellant presented its petition asking that the adjudication be opened and reviewed, in order that it might present a claim against the decedent's estate for $1,250.

The circumstances giving rise to this claim were as follows: Edwin R. Mack, the decedent, in his lifetime, carried on business under the name of Monarch Machinery Company, a certificate having been duly filed in the office of the Secretary of the Commonwealth and of the prothonotary of the court of common pleas of Philadelphia County, as required by the Fictitious Name Act of June 28, 1917, P. L. 645, and its amendments. On June 6, 1930 appellant placed with Monarch Machinery Company an order for a milling machine to cost $1,870, and in connection therewith, Monarch Machinery Company verbally agreed, and later confirmed said agreement by letter, to buy back the

machine from the purchaser, on its request, at any time within three years, for $1,250, provided the machine was not damaged, ordinary wear excepted.

On November 17, 1932, about a year and ten months after Mack's death, the appellant elected to accept said offer of repurchase and so wrote Monarch Machinery Company, and on then learning of the death of Mack and his interest in and proprietorship of Monarch Machinery Company, the business and effects of which had been sold and disposed of by said executors, on November 18, 1932 notified the Corn Exchange National Bank & Trust Company, trustee as aforesaid, of its claim.

We may assume the truth of appellant's contention that it did not know that the decedent was the owner and proprietor of Monarch Machinery Company. We deem it of no importance. Mack had given the notice required by law and the appellant was put upon constructive notice of the fact.

On the other hand, the executors had no notice of appellant's claim; or even of the facts from which the claim arose. The claim itself did not come into existence until nearly a year and ten months after Mack's death and until nearly seven months after the balance in the account had been paid out under the approved schedule of distribution. Until appellant made its election to accept decedent's offer of repurchase there was no claim.

The account of the executors was duly advertised, and amounted to constructive notice to all persons who had not given the executors written notice of their claim against decedent's estate—including, of course, this appellant: Lorch's Est., 284 Pa. 500, 131 Atl. 381; Fiduciaries Act of June 7, 1917, P. L. 447, sec. 46 (c), p. 511.

We have, then, a petition by a creditor, whose claim did not originate as a legal demand until a year and ten months after decedent's death, and seven months

after the estate had been distributed, where all the legal requirements as to notice, etc., in the settlement of the estate had been complied with, asking that the adjudication be opened and reviewed and its claim as a creditor allowed out of the balance which has already been paid and distributed.

The action of the court below is sustained by the decisions of the Supreme Court in Downing v. Felheim, 309 Pa. 566, 164 Atl. 598; Chauncey's Est., 303 Pa. 441, 154 Atl. 814; Bailey's Est., 291 Pa. 421, 140 Atl. 145; Troutman's Est., 270 Pa. 310, 320, 113 Atl. 405; S. Hano Co. v. Hano, 224 Pa. 212, 73 Atl. 341; and the Fiduciaries Act of 1917, supra, Sec. 48, p. 514. In Lowell's Est., 92 Pa. Superior Ct. 492, relied on by the appellant, the petition for review expressly averred "that the balance due by said executors has not actually been distributed" (p. 494). The payment to the trustee was an actual distribution. It makes no difference that the trustee was one of the executors: S. Hano Co. v. Hano, supra, p. 215; Stelwagon's Est., 21 Dist. 272, 273, 275. The Corn Exchange National Bank & Trust Company acted in two distinct representative capacities and the legal effect is not different from what it would have been if there had been two separate corporations, one acting separately in each representative capacity: Allegheny Trust Co. v. State Life Ins. Co., 110 Pa. Superior Ct. 37, 167 Atl. 251.

The assignment of error is overruled and the decree affirmed at the costs of the appellant.