## Clay's Estate

Before Van Dusen, P. J., Stearne, Sinkler, Klein, Bolger and Ladner, JJ.

*Richard Benson, Ernest Scott,* and *Pepper, Bodine, Stokes & Schoch,* for petitioners.

*James R. Wilson,* trustee ad litem, contra.

STEARNE, J., December 26, 1941.—This is a bill for review. An obvious mistake of law exists upon the face of an adjudication confirmed within three years from its date. Testator gave one half of his residuary estate to an individual and a corporation, as trustees, to pay the net income to a daughter, for life, and upon her decease without issue (which occurred) gave to the

daughter a general power of appointment. The daughter exercised the power of appointment by her will, and *blended her individual estate with that of the appointive one*. The auditing judge, following the prayer of the petition for distribution, awarded the fund now in question to the trustees named in the daughter's will, under the uses and trusts therein mentioned. The individual trustee was the same individual who was one of the accountants in the present estate. The corporate cotrustee, however, was another trust company. Notice of the audit in the present case was given to the executors of the daughter, who were also her trustees, and they, as trustees, approved the schedule of distribution. In due course distribution was made to the trustees named in the daughter's will. It now develops that there are not sufficient assets in the daughter's estate, after payment of all her debts and taxes, to pay in full all the legacies given by her will. Had the above situation been disclosed to the auditing judge, or had he observed at the audit that there was a blending of these two estates, under the practice of the orphans' court he would have directed that sufficient funds be awarded from the father's estate to insure full payment of all the daughter's debts, taxes, and legacies, and would have awarded only the balance then remaining for the purposes of the trust contained in the daughter's will. This, of course, because of the daughter's direction as to the blending of the two estates; and because she was a nonresident.

All parties in any manner affected by these proceedings have been cited, but none has answered except the trustee ad litem, who was appointed to represent unascertained interests. The trustee ad litem resists the application upon the theory that there has been an actual distribution which, under the provisions of section 48 of the Fiduciaries Act of June 7, 1917, P. L. 447, 514, precludes a review. The proviso of such section reads as follows:

"That this act shall not extend to any cause when the balance found due shall have been actually paid and discharged by any fiduciary."

The trustee ad litem argues with much earnestness that not only has there been actual distribution, but that his interest may be prejudiced if a re-audit of this account takes away any part of the trust fund for the purpose above indicated.

The pivotal point of law is an extremely narrow one, and it must be confessed is not free from doubt. However, we can see little difference, if any, *in principle*, between the facts of the present case and those in Troutman's Estate, 270 Pa. 310. It was there held that an award at the audit of an executor's account to the same individual in his capacity as trustee will not bar a review as to the rights of *beneficiaries*. However, such rule does not apply as to *creditors:* Mack's Estate, 111 Pa. Superior Ct. 20. See cases cited in Hunter's Orphans' Court Commonplace Book, p. 1164, secs. 13 (*a*) and (*b*) et seq. It is true that in the instant case the individual executor and trustee had, as his coexecutor and trustee, one corporation in the father's estate, whereas his associate in the daughter's estate was a different corporation. In essence, however, the situation is the same. The trust estate and the interest of the parties therein remain the same and are unchanged. It is still the *father's estate*, but after the daughter's death it is held by trustees of the *daughter's appointment*, and for the *daughter's* uses. It is conceded that quite a different situation would have existed had the daughter disposed of the appointive estate absolutely, and distribution had been actually made to her named beneficiaries. In such a situation, even though the distributees had received shares in excess of those to which they were properly entitled, nevertheless, no court could accurately determine what injury or prejudice a distributee might suffer if he were required to return all or a part of that which was

awarded and paid to him under a court order. He may have spent it, incurred obligations, or changed his mode of living, and a review and readjudication might work to his great disadvantage. In the present case, as distinguished from such a situation, the entire estate still remains intact. The only detriment which the trust estate might suffer would be to return something which had been improperly placed in the estate. No distribution has actually been made, and nothing changes the situations of the parties except the *custody*.

Under the facts of this particular case the ends of justice can be met only by a review.

The prayer of the petition is granted; the decree of confirmation of the account is opened, and the record is recommitted to the auditing judge for the purpose of review and correction as herein indicated.