Parker Estate.

Argued September 27, 1943. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

*Elder W. Marshall,* with him *John J. Heard* and *Reed, Smith, Shaw & McClay,* for appellant.

*William H. Eckert,* with him *Frank L. Seamans* and *Smith, Buchanan & Ingersoll,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, November 22, 1943:

Two years and four months after final confirmation of the executors' account and decrees of distribution, and after complete payment in accordance therewith of all the assets of the estate, petitioner has filed two petitions: (1) for the proration of the state and federal transfer and inheritance taxes under the Act of July 2, 1937, P. L. 2762, 20 PS Supp. 844, as construed by this Court in *Jeffery's Estate,* 333 Pa. 15, 3 A. 2d 393, and *Mellon Estate,* 347 Pa. 520, and (2) to open and review the accounts and decrees of distribution under the Fiduciaries Act of June 7, 1917, P. L. 447, Section 48, 20 PS 843, in order to consider the foregoing question of proration. The court below correctly dismissed both petitions.

As Mr. Justice LINN wrote in *Jeffery's Estate,* supra, at p. 20, "We think the legislature intended that it [the proration statute] should apply to existing proceedings". It was pointed out that the *Jeffery* distribution *was still pending.* In the instant case, however, the estate had been effectively distributed in compliance with judicial decree, and nothing remained in the estate to prorate.

Another obstacle stands in the path of petitioner. To prorate these taxes would require the opening and review of the accounts and decrees of distribution. The Fiduciaries Act of 1917, supra, Section 48, specifically provides that no review may be granted ". . . . when the balance found due shall have been actually paid and discharged by any fiduciary".

Appellant seeks to avoid our decision in *Jeffery's Estate*, supra, and the prohibition in the Fiduciaries Act of 1917, supra, by an ingenious, but unsound, argument. One of the distributive shares was a trust fund of $50,-000.00 for the benefit of a sister for life with a provision that, upon her death, ". . . [the] fund shall become part of my residuary estate." The executors were two individuals and a trust company while the trustee was the trust company alone. In compliance with the decrees of distribution, the executors paid over the fund to the trustee who has been administering the trust for some years. It is argued that, since the corpus "shall become part of [the] residuary estate" upon the death of the life beneficiary, the proceedings are still pending, and that all of the balance found due has not been actually paid and discharged. The answer to such a contention is (1) that by decree the entire residuary estate was awarded and distributed. The remainder, after the life estate, was awarded to the residuary legatees, and after the death of the life tenant it is to be held solely for their benefit; (2) that there has been an effective change in custody of the fund by the distribution and payment by the three executors to the single named trustee. See *Walbridge's Estate*, 314 Pa. 250, 171 A. 580; *Downing, Exr. v. Felheim, et al., Exrs.*, 309 Pa. 566, 164 A. 598; *Hano Co. v. Hano*, 224 Pa. 212, 73 A. 341; *Estate of Edwin R. Mack, Deceased*, 111 Pa. Superior Ct. 20, 169 A. 468.

There is another cogent reason why these appeals must be dismissed. The imposition of additional federal and state taxes arose because of a transfer by decedent to respondent of certain corporate stock. A dispute arose between the respondent (one residuary legatee) and his sister, the petitioner (the other residuary legatee), as to whether the stock was the property of the estate or belonged to respondent. A bill in equity was filed. The litigation was compromised by the respondent's payment to the estate of a very large sum of money. Two of the executors of the estate and the sister-petitioner executed

a receipt and release to the respondent-appellee, releasing him from "all claims and demands". We agree with the court below that this was a release in full of *all* demands, including any possible tax liability in connection with this transaction.

The appeals are dismissed at the cost of appellant.