H. WILBER BIRCKS *et al., Trustees, vs.* DOROTHY COLFORD ARMSTRONG *et al.*

JULY 25, 1947.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This is a bill in equity for the construction of the will of Edward Collings Knight, Jr., late of Middletown, Rhode Island, deceased, so far as it relates to the allocation of the federal estate tax to certain property which the testator, prior to making his will, had deeded in trust to a trustee in Philadelphia, Pennsylvania, but which the commissioner of internal revenue of the United States included in the testator's testamentary estate in assessing the federal estate tax.

The bill was originally brought by H. Wilber Bircks, of Collingswood, New Jersey, and The Pennsylvania Company for Insurances on Lives and Granting Annuities, of Philadelphia, Pennsylvania, hereinafter called The Pennsylvania Company, trustees under the will, The Pennsylvania Company, trustee under the deed of trust, and a number of beneficiaries, under the will, whom we need not identify here. After subpoenas had issued to respondents but before all had answered, The Pennsylvania Company, as trustee under the deed of trust, moved "that it be permitted to withdraw as a party complainant", that it "be made a party respondent in said capacity and that a subpoena be issued accordingly and that the bill in equity be so amended." Without objection, the motion was granted and The Pennsylvania Company, as such trustee, entered its appearance by its solicitor and filed an answer.

In its answer it admitted the allegations of the bill except that it prayed "that no part of the sum of $26,401.71 tax paid by the Estate of Edward Collings Knight be reimbursed from the funds of the Trust created by the Trust Deed of Edward Collings Knight dated June 28, 1912 to the Trustees under the will of the said Edward Collings Knight." Respondents Clara Knight Doreau and Dorothy Colford Armstrong, beneficiaries under the deed of trust and annuitants under the will, but who are more interested in preserving their interests under the deed than in increasing their life income under the will, have, by the same solicitor, filed an identical answer. For our purpose no further reference to other respondents need be made since they did not contest the bill, and all future and contingent interests and interests of minors appear to have been taken care of before the hearing in the superior court.

After the cause was ready in that court for hearing for final decree it was certified, in accordance with general laws 1938, chapter 545, §7, to this court for determination. In the decree certifying the cause, the following question is propounded: "Should any portion, and if so what portion,

of the Federal Estate Tax paid by the estate of Edward Collings Knight, Jr. be allocated or apportioned to and paid out of the principal of the trust fund under a Deed of Trust made by Edward C. Knight, Jr. to The Pennsylvania Company for Insurances on Lives and Granting Annuities dated June 28, 1912, by reason of the inclusion by the Department of Internal Revenue of the principal of said trust fund as part of the gross estate of said Edward Collings Knight, Jr.?"

It appears from the evidence that the estate of the testator was closed in the probate court of the town of Middletown in this state on April 18, 1938. On that date the final account of the executors was allowed and they were credited therein with having paid the federal estate tax of $475,-041.84 on the testator's testamentary estate and also on his trust estate under the deed of trust as they were required to do by the law of the United States. No appeal from the allowance of the final account was taken. Thereafter, however, the executors filed a petition in the court of claims of the United States to recover from the United States the amount of the extra tax which resulted from including the principal of the trust estate under the deed of trust in the gross testamentary estate of Edward Collings Knight, Jr. On October 1, 1945 that court denied and dismissed the petition, and rendered judgment against petitioners for the cost of printing the record. From that judgment no appeal was taken, but on November 27, 1946 the complainants filed the present bill.

The executors, apparently, did nothing further, but the trustees under the sixth clause of the will, together with their co-complainants, are now asking this court if any portion, and if so what portion, of the federal estate tax should be paid by the trustee, under the deed of trust, to the executors in reimbursement of the extra tax which they paid to the United States because of the inclusion of such trust estate in the testamentary estate of Edward Collings Knight, Jr. In the meantime on December 14, 1936 the court of common pleas of Philadelphia county, No. 3, having juris-

diction of the trust estate under the deed of trust, entered its decree ordering payment of the principal of that trust to the respondents Clara Knight Doreau and Dorothy Colford Armstrong "subject to the payment of Federal Estate Tax if any be due". In accordance with that decree payment was made and the sum of $26,406.71 withheld until the question of the tax was determined.

Complainants contend that the testamentary estate should be reimbursed in that amount by the trustee under the deed of trust by virtue of clause seventh of the will and the law of Rhode Island as declared in *Hooker* v. *Drayton,* 69 R. I. 290. Clause seventh reads as follows: "I direct that all the foregoing gifts, devises, bequests and life interests shall, so far as possible, be paid free and clear of all succession, inheritance or estate taxes, which taxes I direct shall be paid out of the principal of my residuary estate."

The deed of trust is not mentioned in the will. *Hooker* v. *Drayton, supra,* held that the estate of the donee of a power should not be chargeable with the federal tax assessed against the donee's gross estate, including the estate subject to the power, but that the tax required to be paid by the executor to the United States should be apportioned between the two estates. The will which was involved there contained an appointment in exercise of the power and a residuary clause substantially the same as clause seventh in the will now under consideration. This court held that the language of the clause in that will was not sufficiently explicit to justify the conclusion that the testator intended to burden his own estate with taxes that were properly allocable to the property over which he had merely a power of appointment.

The fundamental question posed here is whether the facts and circumstances surrounding the case at bar are sufficiently similar to the facts in the *Hooker* case to justify the application of the same reasoning and rule of law as were applied there. The parties have argued and briefed the case largely on this question, except that the respondents, Arm-

strong, Doreau, and The Pennsylvania Company, trustee under the deed of trust, have added a further contention that inasmuch as the executors have had their final account allowed and are not parties to this cause, and inasmuch as the complainant trustees under the will are accountable only for the funds which they have received from the executors, it is too late to raise the question of reimbursement to the executors; and that it is not the duty of such trustees to seek such reimbursement. In support of this contention they cite a Pennsylvania case which holds that application for reimbursement, in accordance with the law of that state providing for apportionment of the federal estate taxes, comes too late after the final accounting and distribution of the residuary estate by the executor. *In re Parker's Estate,* 458 Pa. 211, 34 A. 2d 514.

While the solicitor for the respondents stated in his oral argument that he made this contention reluctantly he has nevertheless made it and we, therefore, must consider it. It seems to us that such a question or one very much like it lies at the threshold of this cause. A careful reading of the bill of complaint discloses that the trustees under the will are not seeking a construction of the will which is necessary for them to have in order properly to administer the trust funds which have come into their hands. What they are seeking are instructions to the trustee in Pennsylvania under the deed of trust, which instructions that trustee needs in order to administer finally the remainder of the trust fund in its possession under the decree of distribution of the court of common pleas of Philadelphia county, No. 3.

As the bill was originally drawn with The Pennsylvania Company, trustee under the deed of trust, as a party complainant the cause may have seemed to the parties to be appropriate to submit to this court, but after such trustee had withdrawn as a complainant even such seeming appropriateness is clearly absent. Should we entertain this bill and decide, as contended by the complainants, that the trustee under the deed of trust should reimburse the Knight

estate in Rhode Island, such decision would not be binding upon that trustee unless the Pennsylvania court, having jurisdiction over it and the trust fund in that state, agreed with such decision. If that court held that, under the law of Pennsylvania, such trustee was not obligated to reimburse the Rhode Island executors, and that it should pay the funds in its hands to the beneficiaries under the trust, there would then appear an unseemly conflict of jurisdictions in which the decision of the Pennsylvania court would prevail, as the trust estate under the deed of trust is within its jurisdiction.

Complainants argue that what may happen elsewhere after we have decided the cause now before this court need not concern us at this time; and that whether the trustee, under the deed of trust, can or will comply with our construction is a matter to be hereafter determined if the occasion, which would necessitate such a determination, should arise. This may well be, but we think that this court should not entertain any cause for the construction of a Rhode Island will where its construction is not final and binding upon all who are parties to the cause. The decision of this court should not be dependent for its force and effect upon the decision of the court of some other jurisdiction; it should be absolute.

In the cause at bar, the appearance of the trustee, under the deed of trust, and the argument and submission of a brief by its solicitor on all the issues involved in the cause cannot confer jurisdiction on this court to determine finally what is the duty of such trustee with regard to the balance of the trust fund remaining in its hands under the decree of the Pennsylvania court. It rests with that court, and not with us, to determine whether a Pennsylvania trustee shall pay out any of the trust fund in its hands by way of reimbursement to the Rhode Island executors, and also whether the law of Pennsylvania absolves that trustee from any duty to make such reimbursement in view of the allow-

ance of the executors' final account in the probate court of Middletown.

In the circumstances, we are of the opinion that this court is without jurisdiction, and hence we decline to answer the question propounded.

The cause is remanded to the superior court with directions to deny and dismiss the bill of complaint so far as it seeks a construction of the will of Edward Collings Knight, Jr.

Moss, J., did not participate in the decision.

*Sheffield & Harvey, William R. Harvey, J. Russell Haire,* for complainants.

*William MacLeod, Burdick, Corcoran & Peckham, Edward J. Corcoran, Gabriel D. Russo,* for respondents.