## Knight Estate

Before Sinkler, P. J., Klein, Bolger, Ladner and Hunter, JJ.

*J. Montgomery Forster*, for preliminary objections.

*William H. S. Wells*, of *Saul, Ewing, Remick & Saul*, contra.

LADNER, J., January 21, 1949.—This matter came before us upon petition of The Pennsylvania Company for Banking and Trusts, and H. Wilbur Bircks, ancillary executors and testamentary trustees of the estate of Edward C. Knight, Jr., deceased. The petition prays for a citation against The Pennsylvania Company for Banking and Trusts in its capacity as trustee under a deed of trust made by same decedent (Edward C. Knight, Jr., deceased), dated June 28, 1912, and Dorothy Coleford Armstrong and Clara Knight Doreau, who are entitled to the remainder interests under said deed. The petition prays for a decree of apportionment under the Act of 1937 and of a pro rata share of the Federal estate tax alleged to have been properly payable by the trust established by said deed but collected by the Federal Government out of decedent's estate under circumstances hereinafter recited.

Dorothy Coleford Armstrong and Clara D. Doreau, respondents, who are the remaindermen entitled under the deed of trust, each filed what her counsel calls "answer by way of preliminary objections". These set forth seven paragraphs averring facts, and in the eighth paragraph reasons for objecting to the jurisdiction of this court.

In Thompson's Estate, 35 D. & C. 6, we held there is no warrant for such a hybrid pleading, and in McHenry Estate, 65 D. & C. 330, we pointed out that preliminary objections that set out facts, like the speak-

ing demurrer of old, are bad pleading, and facts so set up must be disregarded as surplusage. We therefore will consider only the facts averred in the petition.

These show that Edward C. Knight, Jr., hereinafter referred to as "decedent", on June 28, 1912, established by deed executed to The Pennsylvania Company, etc., as trustee, a trust providing for the payment of the income therefrom to himself for life, and after his death to his daughter, Clara W. K. Coleford, and upon the death of the latter, to pay the principal to her children then living, and descendants of any deceased child.

Decedent died July 23, 1936, a resident of Middletown, R. I., and because of his death The Pennsylvania Company filed its account as trustee under said deed of trust in Court of Common Pleas No. 3 of Philadelphia County, which account was audited and confirmed by the court December 14, 1936. The balance for distribution, principal and income, less the sum of $35,000, directed to be retained by the accountant "pending settlement of the United States estate tax liability" was awarded to the remaindermen, Dorothy C. Armstrong and Clara D. Doreau.

Petitioners here, viz., The Pennsylvania Company and H. Wilbur Bircks, are executors and trustees under the last will of decedent, and they were also appointed ancillary executors of decedent's estate in Philadelphia County. The Federal Government in computing the estate tax, combined decedent's testamentary estate with the trust fund which he had set up by his deed of 1912, a matter which was made the subject of much litigation in the Federal tribunals, but the action of the taxing authorities was eventually upheld by the United States Court of Claims on October 1, 1946.

In the meanwhile The Pennsylvania Company and its coexecutor had filed their account as ancillary ex-

ecutors in this court, which, by adjudication of Bolger, J., was confirmed June 7, 1937, and distribution directed of the balance shown in that account, to the accountants in their capacity as domiciliary executors. Thereafter petitioners as domiciliary executors filed their final account in Rhode Island, which was approved by the Probate Court of Middletown, State of Rhode Island, on April 18, 1938. The petition before us avers that "petitioners are advised by Rhode Island counsel that the executors were thereby discharged". In the Rhode Island account so approved, petitioners, as domiciliary executors, claimed credit for the whole tax paid to the Federal Government. On the conclusion of the tax proceedings, however, petitioners in their capacity as trustees under the will of the testamentary estate, filed a bill in equity against The Pennsylvania Company in its capacity as trustee under the trust deed, and other parties in interest, claiming, in effect, that claimants were entitled to a proration of the Federal tax against the trust fund established by the deed of 1912, and claimed reimbursement in the sum of $26,406.71.

Pursuant to the Rhode Island procedure, the question whether complainants were entitled to a decree of proration was certified to the Supreme Court of Rhode Island. That court, in an opinion by Condon, J., ruled that because the estate of testator had been closed and the account showing credit for full payment of the Federal tax had been approved, and no appeal from that proceeding taken, there was no fund over which the Rhode Island court had any jurisdiction; that since the funds out of which complainant expected to obtain reimbursement were located in Pennsylvania, and under the control of the Pennsylvania court, any decree that might be entered would be futile and not binding upon the Pennsylvania court to which, it was held, application should have been made. Accordingly,

the Supreme Court of Rhode Island declined to entertain jurisdiction and pass upon the question before it.

Thereafter, The Pennsylvania Company in its capacity as trustee under the deed of decedent, dated June 28, 1912, filed its third and final account, accounting for the sum of $35,000, which had been withheld "or retained by the trustee pursuant to the court's previous adjudication pending settlement of the United States tax liability". At the audit of said account, the auditing judge (MacNeille, P. J.) was asked to allow a claim of The Pennsylvania Company in its capacity as ancillary executor and its cotrustee, H. Wilbur Bircks, as ancillary coexecutor and testamentary trustee, in the sum of $26,401.71, the pro rata share which the trust fund under the deed of trust should pay. This claim was made under the Pennsylvania Apportionment Act of July 2, 1937, P. L. 2762, 20 PS §844. Judge MacNeille ruled that the common pleas court had no jurisdiction to entertain a claim for the tax apportionment proration under that act since it, by its express terms, confers jurisdiction only on the orphans' court, the act being in fact an amendment to the Fiduciaries' Act of 1917, relating entirely to procedure and jurisdiction in the orphans' court. He held, however, distribution of the $35,000 in abeyance, reserving the distribution pending application to this court for a decree of proration.

The seven objections which respondents set forth in paragraph 8 of their preliminary objections, may be combined under two heads. Under the first head, objections (a) to (d) inclusive raise the contention that since the common pleas court first acquired jurisdiction of the subject matter of the inter vivos trust, its jurisdiction is exclusive and it cannot cede or transfer jurisdiction to this court.

This proposition may be conceded but we do not understand that Judge MacNeille has in any sense

sought to transfer jurisdiction to this court. All he did was to withhold distribution until application could be made to this court for a decree of apportionment under the Act of 1937, the theory being as we understand it that the Act of 1937 vests exclusive jurisdiction of claims for apportionment of Federal estate taxes in this court.

It is true the Act of 1937, P. L. 2762 (20 PS § 844) is an amendment to the Fiduciaries' Act, and as such deals solely with this court's jurisdiction, but it does not follow from this, however, that it operates to confer on this court *exclusive* jurisdiction of *all* Federal tax apportionment claims. On the contrary, the Supreme Court in Mellon Estate, 347 Pa. 520, 535, expressly, and in Jeffery's Estate, 333 Pa. 15, by inference at least, indicates that the right to recover Federal estate taxes paid by an executor out of a testamentary estate but which another trust estate or fund in justice or equity should pay in part, is recoverable entirely apart from the Act of 1937 on the broad ground of equitable contribution. We agree with Judge Holland's interpretation of the act in Jones' Estate, 54 D. & C. 364, that "inasmuch as the doctrine of equitable contribution applies and is enforcible by the orphans' court quite apart from any statute, the Act of July 2, 1937, P. L. 2762, providing for the proration of estate taxes does not create any substantive rights but merely spells out those already existing, and implements their enforcement by giving the orphans' court jurisdiction over the persons found liable to pay the prorated portion" (syllabus). We think there is nothing in the Act of 1937 that vests in our court such exclusive jurisdiction as would deprive a court of equity of its jurisdiction to entertain a claim for proration against funds subject to its control or distributable by that equity court.

Under the second head (objections (e) and (f)), it is claimed that the Tax Apportionment Act of 1937 is inapplicable and confers no jurisdiction upon the orphans' court in this case where distribution has been completed, especially since the distribution has been made long prior to the effective date of the act.

We believe this objection is well taken. No general equity jurisdiction over apportionment is conferred on us. Had that been intended, instead of being made to the Fiduciaries' Act, the amendment would have been to the Orphans' Court Act as in the case of the Act of June 26, 1931, P. L. 1384, which enlarged our jurisdiction to cover trusts inter vivos. What was evidently intended was to extend our jurisdiction as ancillary to some estate or other proceeding already subject to our control, for while we had jurisdiction even without the Act of 1937 to direct an equitable apportionment of the payments among distributees before us, we lacked the power to bring into the pending proceedings outside parties, interested in or in possession of property or funds properly chargeable with a share of Federal taxes paid, as, e. g., insurance, or other inter vivos trusts, the tax on which an executor had been compelled to pay from the testamentary estate. Thus by enabling this court to bring in other parties equitably liable, one decree in one proceeding could settle the entire controversy. But where there is no account pending nor any estate still subject to the jurisdiction or control of this court, or where final distribution has been made pursuant to an account audited and confirmed, there is nothing before us to which the supplemental or ancillary jurisdiction conferred by the Act of 1937 could attach. This is the plain teaching of Parker Estate, 348 Pa. 211, 212, where Mr. Justice Allen M. Stearne, quoting in part Jeffery's Estate (333 Pa. 15), at page 20, said:

" 'We think the legislation intended that it . . . (the proration statute) should apply to existing proceedings.' It was pointed out that the Jeffery distribution was still pending. In the instant case, however, the estate had been effectively distributed in compliance with judicial decree, and nothing remained in the estate to prorate." See also as holding the same, Elliott's Estate, 58 Montg. 114.

In considering the applicability of the Act of 1937, we hold it makes little difference whether the tax was paid and the right to contribution arose before the Act of 1937 or thereafter, so long as the application is made while proceedings in this court are pending or distribution under its decree not yet completed: Jones' Estate, supra, and to the same effect, Stockler's Estate, 30 Berks 149. Counsel for petitioners seeks to avoid the effect of these decisions by arguing that the ancillary executors have never been discharged, and that until their discharge they have the right to invoke the aid of this court. However, the petition avers that the domiciliary executors, according to the law of Rhode Island, are regarded as discharged when their final accounting has been approved, so we do not see how the ancillary executors, who are auxiliary and subordinate to the domiciliary executors, have any independent rights save such as are given by statute. Be that as it may, the right to proceed under the Act of 1937 does not depend alone on whether a fiduciary has been discharged but whether distribution of the estate which he is accountable for has been completed.

We deem it not amiss to say that a right without a remedy seems a reproach to our present-day concept of justice, and the action of the court of common pleas in withholding distribution there, pending application to this court, indicates that the learned jurist who wrote the opinion for the common pleas court thinks so, too. Perhaps, had the foregoing statement of the

Supreme Court in Mellon's Estate, supra, and the other decisions here cited, to the effect that a right of proration exists entirely apart from the Act of 1937, been brought to the attention of the common pleas court, the auditing judge there would have felt free to pass on the question as standing in the way of distribution of the fund before him.

The preliminary objections (e) and (f) are sustained and the petition for proration is dismissed.