Holben's Estate.

Argued March 24, 1930. Before MOSCHZISKER, C. J.,
FRAZER, WALLING, SIMPSON, KEPHART, SADLER and
SCHAFFER, JJ.

*James M. Galbreath,* with him *Zeno F. Henninger,*
for appellants.—The claim of Sarah J. Holben as widow
of testator to take against his will the one-third of his
estate is not res judicata: Steel v. Levy, 282 Pa. 338;
Sauber v. Nouskajian, 286 Pa. 449; Deere Plow Co. v.
Hershey, 287 Pa. 92; Stone v. B. & L. Assn., 293 Pa. 161;
State Hospital v. Water Supply Co., 267 Pa. 29.

The cause of action in this case is different from the
cause of action in that concerning the widow's appraise-
ment: Lowry v. Coal Co., 272 Pa. 19; Nernst Lamp Co.
v. Hill, 243 Pa. 448.

The doctrine of res judicata does not apply to ques-
tions of law where the subsequent suit is on another
cause of action or relates to other objects of judicial con-
sideration: Bowers's Est., 240 Pa. 388; Kellerman's
Est., 242 Pa. 3; Havir's Est., 283 Pa. 292.

*Thomas W. Watson,* with him *James E. Marshall* and *W. C. Pentz,* for appellee.—A question which has been actually and directly in issue in a former suit and has been judicially passed upon and determined by a court of concurrent jurisdiction, or of the same court, cannot be litigated again in a subsequent case between the same parties or privies: Com. v. Speer, 267 Pa. 129; Bowers's Est., 240 Pa. 388; Loyal Orange Institute v. Morrison, 269 Pa. 564; Hochman v. Finance Corp., 289 Pa. 260.

The offer by appellants of the record in the former case for the purpose of showing the adjudication of the issue involved carried with it the entire record: Ingham v. Crary, 1 P. & W. 389; Christine v. Whitehill, 16 S. & R. 98; Edmiston v. Schwartz, 13 S. & R. 135.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, May 12, 1930:

John L. Holben died January 3, 1926; Sarah Jane Holben, claiming to be the surviving spouse of decedent, instituted proceedings to have $500 set aside from his estate as her widow's exemption. The court below, on a finding that no legal marriage had been entered into between decedent and claimant, refused to allow the exemption. In June, 1927, the executors of John L. Holben filed their first and final account, in the court below; at the audit of this account Sarah Jane Holben, having elected to take against the will of decedent, claimed her statutory share of his estate. Her claim was resisted on the ground that it had already been judicially decided that she was not decedent's widow. While the question thus raised was before the court below for decision, the Superior Court of Pennsylvania, to which tribunal an appeal had been taken from the decree refusing Sarah Jane Holben her widow's exemption, reversed the orphans' court and decided in her favor, on the ground that the record before it contained "satisfactory proof" of a marriage between the claimant and decedent: see In matter of Estate of John L.

Holben, Deceased, 93 Pa. Superior Ct. 472, 480. When the final judgment of the Superior Court was made known to the court below, it held that "the relationship between decedent and Sarah Jane Holben was res judicata" in her favor, and awarded to her a widow's share of his estate. Several children of decedent by a former marriage have appealed.

While two of the appellants are named in the certiorari as "Executors of John L. Holben, deceased," we, in disposing of a motion to quash, allowed the appeal to stand as though taken by them as individuals: see Holben's Est., 299 Pa. 348, 351.

Despite the decision of the Superior Court, appellants still contend the matter of the status of appellee as the lawful widow of decedent is not, for several reasons, res judicata against them. It is difficult to view appellant's contention seriously when we look at the record before us, because we find therefrom that the same counsel who argued the case in this court also made the following offer in the court below: "On the part of the children and heirs of John L. Holben, deceased, I . . . . . . offer the record [of the exemption proceedings] . . . . . . for the purpose of showing the adjudication [that] . . . . . . Sarah Jane Holben . . . . . . was . . . . . . not . . . . . . the lawful wife of the decedent and therefore not entitled to the widow's exemption." As said by us in State Hospital for C. I. v. Consolidated W. S. Co., 267 Pa. 29, 38, "Even in the days of special pleading, one was not always required specially to plead res adjudicata." This offer to show that appellee's marriage status had already been judicially determined in appellants' favor may properly be treated as tantamount to a plea of res judicata by the present appellants. This being the case, if the point at issue was finally determined against them (as, in fact, it was), it would still be res judicata, and, as such, binding on appellants and all others whose interests in the matter at issue were opposed to appellee's; in other words, binding on all "parties . . . . . . directly interested

in the subject-matter, who [had] a right to defend or control the proceedings [before the court] and appeal," and also binding on their privies: Strayer v. Johnson, 110 Pa. 21, 24.

Appellants cannot now say, as they attempt to do, that they were not the particular heirs who acted against appellee in the widow's exemption proceeding, and therefore the decision rendered at that time is not now binding on them. The record of that proceeding, while offered and accepted as evidence, has not been printed for use on this appeal, and for that reason we have no way of knowing whether they or others of the heirs of John L. Holben, deceased, were there the active parties in opposing appellee's claim for her exemption; but, however that may be, the Fiduciaries Act of June 7, 1917, P. L. 447, 472, in section 12(d), providing for widows' exemptions, authorizes the orphans' court to decide such matters after notice by advertisement agreeable to rules of court. In the absence of all evidence to the contrary, it must be assumed such notice was given, and being given, it would have "the same effect as actual notice": App v. Dreisbach, 2 Rawle 287, 304; see also Preistley's App., 127 Pa. 420, 432; Ferguson v. Yard, 164 Pa. 586, 596; Mendenhall v. Jackson, 268 Pa. 123, 126; Lorch's Est., 284 Pa. 500, 506. We must accordingly take it for granted that all the children and heirs of John L. Holben, deceased, including appellants, were before the court when the widow's exemption claim was contested and decided, as they were when the same point then at issue,—the validity of appellee's marriage,—was again raised at the audit of the executors' account; hence the final determination of that point in Sarah Jane Holben's favor was res judicata as to appellants and binding on them. Moreover, since the point at issue concerned the marriage status of appellee, its determination was an adjudication in rem (Anderson's Law Dictionary, 886), which, having been entered on the merits, is "binding on all persons subsequently litigating as to

[such] status": Moschzisker's Legal Essays, 38; see also Beloit Iron Works v. Lockhart, 294 Pa. 376, 380-81.

But, say appellants, when the record of the widow's exemption proceedings was offered by us, the decision of the court below was in our favor, the Superior Court had not then heard or determined the case on appeal, and, after it had done so, the record was not again offered by any one, hence the court below had no right to consider it; and since the part of that record containing the final order of the Superior Court, reversing the court below, forms the basis for the latter's res judicata decision, as a matter of proper practice that decision ought now to be reversed. To sustain this contention would be useless on our part, for it would merely cause the return of the case to the court below so that the record in question might be formally offered, with directions that, when offered, it must be accepted and the same order now appealed from entered. Fortunately, however, such an unserviceable course is not required, for the record before us shows that, in a petition to the court below, praying it to open the audit and receive further proofs attacking the marriage between the decedent and appellee, one of the sons of decedent, in effect, tendered to that tribunal the record containing the decision of the Superior Court, by the following averment: "The Superior Court of Pennsylvania, in the case of Holben's Estate [93 Pa. Superior Ct. 472] arising under the petition of the said Sarah J. Holben to have set aside her widow's exemption in the Estate of John L. Holben, ......held......the legality......of the marriage of said John L. Holben and Sarah J. Holben......had not been overcome." Then again, at the time of the first offer of the record in the widow's exemption proceeding, counsel for appellee gave notice of the appeal to the Superior Court. Taking this fact, with the subsequent tender of the record in that proceeding, to which we have referred, and the further fact that the record now for review shows no objection, formal or otherwise, made to

the court below, that the decision rendered by the Superior Court was not properly before it, we feel that the court below did not err in holding, as it did, that "The adjudication of the Superior Court [was] before [it] and [rendered] the relationship between decedent and Sarah Jane Holben......res judicata" in her favor.

Appellants invoke the rule that, in the distribution of a fund by the orphans' court, a decision on a matter of law is not binding on that tribunal when subsequently distributing another fund; but if this rule, as to the distribution of two funds, could have any application to the present case (a point we need not decide), it has to do with decisions of law alone, and, as said in Moschzisker's Legal Essays, page 35, when "issues of fact in regard to the persons entitled are raised and determined on the first distribution, those facts are binding in any subsequent distribution," citing Bowers's Est., 240 Pa. 388, 390, 392-3; Havir's Est., 283 Pa. 292, 296-9. Here, while it may have been necessary to pass on questions of law in reaching a determination as to whether or not the decedent and Sarah Jane Holben were man and wife at the time of the former's death, yet the ultimate decision of that point presents the determination of a matter of fact which, when once decided, was conclusive on all concerned.

The decree appealed from is affirmed; costs to be paid out of decedent's estate.