## Hamilton Estate.

Argued January 2, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*I. Emanuel Sauder,* with him *Federico F. Mauck* and *Wright, Mauck & Hawes,* for appellant.

*Russell J. Brownback,* for appellee.

OPINION BY MR. JUSTICE JONES, March 19, 1945:

The appellant petitioned the court below for review of an executor's account. Upon preliminary objections filed by the executor, the court dismissed the petition on the ground that it failed to allege fraud. Admittedly, the decree confirming the account absolutely had been entered more than five years before the petition for review was filed. Such being the case, it was incumbent upon the petitioner to allege and prove fraud in connection with the filing of the account or in its submission

for confirmation. Otherwise, the court was without power to grant review under Sec. 48 of the Fiduciaries Act of 1917 (20 P.S. § 843) after the five-year period following the decree of confirmation had elapsed. See *Thorne's Estate*, 344 Pa. 503, 510, 25 A. 2d 811; *Elkins's Estate*, 325 Pa. 373, 376, 190 A. 650; and *Stetson's Estate*, 305 Pa. 62, 67-68, 155 A. 856.

The principal question raised on this appeal is whether the petition alleges the fraud requisite to extend the court's power to grant review beyond the statutory five-year period of limitations. As the matter was disposed of by the court below upon the petition and the answer thereto raising preliminary objections, for present purposes, the well-pleaded averments of the petition are to be taken as true. Cf. *West v. Young*, 332 Pa. 248, 251, 2 A. 2d 745. The factual situation, as revealed by the petition and by records to which reference is made, is as follows:

William Hamilton died testate on January 20, 1929. He bequeathed his residuary estate to The Bryn Mawr Trust Company in trust to collect the income therefrom and to pay the same (and so much of the principal as might be necessary in the trustee's discretion) for the care and maintenance of the testator's daughter, Sarah Hamilton, for life. The will further directed that, upon Sarah's death, the trustee should pay the balance of the trust corpus to the testator's other daughter, Margaret Minick, the petitioner and present appellant. The trust company was also named executor of the will,—a position for which it duly qualified.

In April 1930 Sarah Hamilton was committed as a weak-minded person to the State Hospital at Norristown where she remained until her death on July 23, 1942. At no time was a committee or guardian appointed for her. From the time of the testator's death and continuously thereafter, Margaret Minick, the other daughter, was married and resided at Oaklyn, New Jersey. Sarah's disability and Margaret's residence were at all times known to the executor.

The executor did not file an account of its administration until 1935, upwards of six years from the time of the testator's death. Thereafter, in September 1935, it petitioned the court below, having jurisdiction of the estate, for distribution to itself, as trustee, of the balance shown by its account as executor. The petition for distribution contained a printed averment that "all parties having vested or contingent interests were notified". The executor's account was confirmed absolutely on May 25, 1936. At the same time, a decree of distribution awarding the residuary estate to the trustee was entered and, shortly thereafter, the directions of the decree were fully complied with. The required statutory notice of the filing of the account had been duly published. No other notice was given the legatees. Nor had the petitioner ever requested actual notice by the executor.

The trust company filed its first account as trustee in October 1942, several months after the death of Sarah Hamilton, the life tenant. A copy of the trustee's account was served on Margaret Minick, the remainderman, who, for the first time, learned the details of the executor's administration of the estate. As a result of such knowledge, she filed the petition for review involved in this appeal on December 9, 1942. The petitioner had made no inquiries of the trust company concerning the estate from the time of her father's death in January 1929 until October 1942. The petition sets forth, as appropriate matter for review, a number of acts of alleged maladministration on the part of the executor.

The appellant contends that the averment in the executor's petition for distribution as to the notification of all parties beneficially interested in the estate was a fraud upon the court and the legatees in view of the fact that, at the time of the filing, confirmation and audit of the account and as then known to the executor, the life tenant was a committed weak-minded person without committee or guardian and the remainderman was a nonresident of the State, neither of whom received actual notice of the accounting proceeding.

423

The appellant's contention cannot be sustained. Publication of the required statutory notice of the filing of the account had "the same effect as actual notice" and was equally binding upon everyone: *Holben's Estate,* 300 Pa. 169, 173, 150 A. 604; *Lorch's Estate,* 284 Pa. 500, 506, 131 A. 381. Notwithstanding the petitioner was a nonresident of the State, the notice bound her no less. See *Appeal of Priestley,* 127 Pa. 420, 432, 17 A. 1084. It follows therefore, as a matter of law, that the averment as to notification contained in the petition for distribution was true so far as the appellant was concerned. The same would seem to be equally true with respect to the effect of the notice by publication upon the life tenant even though she was, at the time, committed as a weak-minded person. See *Elkins's Estate,* supra, at p. 376. While the disability of the interested persons involved in *Elkins's Estate,* supra, was that of minority, it would indeed be difficult to differentiate on any reasonable legal basis between various kinds of disability in their relation to notice by publication. But, however that may be, no thought of any such differentiation can arise in this case. The rights of the weak-minded life tenant are not here involved. Only the *sui juris* remainderman sought review and it is only she who appeals from the refusal of the court below to grant a review.

Beyond that, even if the averment as to notification of interested beneficiaries could be thought to suggest erroneously that the petitioner and her sister had been given actual notice of the filing of the account, the answer is that the executor was under no duty to give them actual notice. No request therefor, as permitted by Sec. 46 (c) of the Fiduciaries Act (20 P.S. § 833), had been made. The fact that the averment was part of a printed form is at least significant in that it does not admit of a suggestion that it was deliberately inserted for ulterior use in this particular instance. In no event did the averment either hinder or prevent the petitioner from obtaining the information concerning her father's

estate which she was at liberty to seek within the period allowed her by law for timely action. Consequently, even if the averment were given the petitioner's construction, it would still not constitute the fraud required to relieve against the statutory period of limitations which bars a right to review. See *Thorne's Estate,* supra, at pp. 510, 511-512.

Moreover, while fraud, if alleged and proved, serves to continue the court's power to grant review of a fiduciary's accounts beyond the period of limitations prescribed by the statute, it does not so operate when the application for review is not filed until after the fiduciary has discharged his liability by payment made in accordance with a decree of distribution. Sec. 48 of the Fiduciaries Act, while allowing for review within the prescribed five-year period, expressly provides "That this act shall not extend to any cause where the balance found due shall have been actually paid and discharged by any fiduciary." In *Estate of Edwin R. Mack, dec'd.,* 111 Pa. Superior Ct. 20, 169 A. 468, a petition for review of a fiduciary's account, although applied for within a year of the decree of confirmation, was refused. It there appeared that, in the meantime, a decree of distribution on the basis of the confirmed account had been effectuated by payment in accordance with its terms. Here, the petition for review was filed more than five years after the executor had made payment in full under the decree of distribution of May 25, 1936.

The appellant argues, however, that, inasmuch as the payment under the decree was by the trust company in its capacity as executor to itself as trustee, the fund remained within the control of the court and the payment was not such as makes compliance with a decree a bar to review. We cannot accede to that view. The respective fiduciary capacities of the payor and the payee in fulfillment of the decree were legally distinct. That being so, the distribution was actual. In *Doster Estate,* 346 Pa. 455, 457, 31 A. 2d 142, this Court said that "In

considering the question of whether distribution was actually made, the fact that the administrator and the trustee is one and the same individual has no significance: *Samuel Hano Co. v. Hano,* 224 Pa. 212; *Estate of Edwin R. Mack, dec'd.,* 111 Pa. Superior Ct. 20, 24." In the *Mack* estate, just as here, a trust company as executor paid to itself as trustee the sums awarded by a decree of distribution and it was there held that "The payment to the trustee was an actual distribution". In that connection, the late Judge KELLER, speaking for the Superior Court, said (p. 24) that the fiduciary had "acted in two distinct representative capacities and [that] the legal effect is not different from what it would have been if there had been two separate corporations, one acting separately in each representative capacity": citing *Allegheny Trust Co. v. State Life Ins. Co.,* 110 Pa. Superior Ct. 37, 167 A. 251.

The order of the court below is affirmed at the appellant's costs.