## Kolb Estate

Before Van Dusen, P. J., Sinkler, Bolger, Ladner, and Hunter, JJ.

*Lemuel B. Schofield* and *W. Bradley Ward* for petitioner.

*Michael von Moschzisker*, trustee ad litem, pp.—

SINKLER, J., March 19, 1948.—On January 16, 1948, a decree was entered that a citation, sur petition of Katherine Barnes Guttman, be issued to Provident Trust Company of Philadelphia and Charles H. Sulzberger, trustees under a deed of trust of petitioner dated January 17, 1942, and to others named therein, to show cause why my adjudication dated March 18, 1942, should not be vacated, set aside, opened and reviewed for the purpose of determining whether the said deed of trust and the petition, dated February 24, 1942, to terminate the trust created by deed of trust executed by petitioner May 20, 1922, were voluntarily executed by her with full comprehension of the provisions thereof, or whether the signatures thereto were illegally obtained by the exercise of undue influence, duress and coercion at a time when she lacked the

requisite mental capacity to comprehend the nature and effect of her acts and under such circumstances as to constitute in law a fraud of such character as to invalidate the deed and petition.

On January 16, 1948, a decree was entered, appointing Michael von Moschzisker, Esq., trustee ad litem for the unborn children and descendants of Elizabeth Kolb Gibbs and others in the proceedings to open my adjudication of March 18, 1942.

On January 26, 1948, the trustee ad litem filed his answer, raising preliminary objections to the petition for the reason that respondents should not be required to answer the facts averred, since they have a full and complete defense to petitioner's claim which does not require the production of evidence to sustain it, to wit, the petition was not filed within the five-year period allowed by section 48 of the Fiduciaries Act of June 7, 1917, P. L. 447.

The trustee ad litem has filed his brief in support of his answer. Petitioner's brief contra preliminary objections has been filed. No pleading or brief has been filed by the trustees named in the second deed of trust.

The facts in this case are fully set forth in the pleading entitled "Petition to Open Adjudication." Petitioner is Katherine Barnes Guttman (formerly named and known as Katherine Kolb and Katherine Kolb Barnes). The facts are also fully reviewed in the brief above referred to and, as well, the law relating to the subject. The facts are here recited as briefly as may be.

Petitioner, being then in contemplation of marriage, executed a deed of trust dated May 20, 1922, respecting certain of her personal property, by which she assigned the property to her father, Louis J. Kolb. She married Mathieu B. Pannakker on June 3, 1922. On February 8, 1935, she was granted a decree of divorce from him by the Court of Common Pleas No. 4 of Philadelphia County. On July 2, 1941, her father died, and the first and final account of the trust in question was filed by

the executors and came before me for audit on March 9, 1942. William Carson Bodine, Esq., appeared for the accountants and for petitioner. A petition was presented at the audit for the termination of the 1922 trust. It was executed by petitioner in the State of California. The instant petition alleges that she was at that time mentally ill.

On January 27, 1942, petitioner, named as Katherine Kolb Barnes, entered into a deed of trust with Provident Trust Company of Philadelphia and Charles H. Sulzberger. It was acknowledged by her on that day in the County of Philadelphia before a notary public of this State, residing in Philadelphia. A copy of this deed of trust was presented to the court at the audit. The petition for distribution prays that the balance be awarded to the trustees named in the deed of January 27, 1942. The adjudication dated March 18, 1942, awarded the principal, with the balance of income, to Provident Trust Company of Philadelphia and Charles H. Sulzberger, trustees under deed of Katherine Kolb Barnes, dated January 17, 1942, for the uses and purposes specified in said deed, and ordered the filing of a schedule of distribution, which was filed and approved on September 25, 1942.

On December 31, 1946, petitioner instituted proceedings in the Court of Common Pleas No. 1 of Philadelphia County, asking that the deed of trust be declared void and that the trustees be directed to deliver to petitioner the assets constituting the trust. The trustees filed preliminary objections to the bill on the ground that this court, by the award in the adjudication of March 18, 1942, has assumed jurisdiction over the trust created by the deed of January 17, 1942, and that the bill in equity constituted a collateral attack upon the adjudication of March 18, 1942.

On October 29, 1947, an opinion was filed by the court of common pleas, sustaining the preliminary objections and dismissing the bill on the ground that this

court, and not the court of common pleas, has jurisdiction of the cause.

On January 16, 1948, the petition to open the judgment was filed and the decree entered as recited in the beginning of this opinion.

In the brief filed by the trustee ad litem, section 48 of the Fiduciaries Act of June 7, 1917, P. L. 447, is quoted. It provides, in effect, that within 5 years after an adjudication has become final the orphans' court, upon presentation of a petition for review by a fiduciary or any person interested, shall grant a rehearing and give such relief as equity and justice may require. The brief submits that this section provides a limitation which is mandatory in the absence of fraud, citing Hamilton Estate, 351 Pa. 419 (1945); Crozer Estate, 346 Pa. 446 (1943); Thorne's Estate, 344 Pa. 503 (1942); Stetson's Estate, 305 Pa. 62 (1931); Gillespie's Estate, 37 D. & C. 375 (1940) and other cases.

In Colladay's Estate, 30 D. & C. 363, an adjudication of Klein, J., dated November 12, 1937, a petition for review was dismissed. The validity of a trust had not been raised at the audit nor decided by the prior adjudication. In the absence of an allegation of fraud, it was held that a petition for the review of error in an adjudication must be filed within 5 years after the final decree confirming the account, or it will be too late for consideration. This limitation applies whether the review is sought under section 48 of the Fiduciaries Act of June 7, 1917, P. L. 447, 514, or under the inherent powers of the orphans' court.

It does not seem necessary to recite further the grounds for the recommendation of the trustee ad litem that the petition for review should be dismissed, briefly, because it was not filed within 5 years; because the weak mental condition of petitioner does not alter the law of the case; because fraud is not alleged; and because the balance in the hands of the trustees under the original deed of trust has been paid over to the trustees under the second deed of trust.

Some elaboration on the subject of fraud is desirable. For the purpose of reaching our present conclusion, the allegations contained in the petition for review must be accepted as true. It is alleged that Ralph A. Gibbs, an executor of the will of Louis J. Kolb, caused the second deed of trust to be prepared, without the knowledge and consent of petitioner, by William Carson Bodine, Esq., an attorney well known to Gibbs but unknown to petitioner, while she was undergoing treatment for mental illness at the Fairmount Farm in this city, and that she was taken to the office of Bodine, accompanied by a nurse, and refused to sign the agreement. On the occasion of her second visit, she was again accompanied by a nurse and again importuned by Ralph A. Gibbs in the presence of Mr. Bodine to sign the deed, and was again told that if she refused to do so she would never be released from Fairmount Farm. The only averment in the petition on the subject of fraud is "that her signature thereto was illegally obtained under such circumstances as to constitute in law a fraud of such a character as to invalidate the said alleged deed and to render it legally null and void." This is not the kind of fraud which entitles a petitioner to a review after the expiration of the 5-year limitation, because it is clear from Thorne's Estate, supra, that the fraud must be such as prevented *the bringing of the action.*

The delay in beginning the proceeding to review the adjudication was not caused by alleged fraud practiced upon petitioner, but by her impaired mental condition and this, under Stetson's Estate, 305 Pa. 62, is not sufficient to take the case out of the requirement of the statute.

The preliminary objections to the petition for review are sustained, and a review of the adjudication is denied. This conclusion does not affect the right of petitioner to proceed in this court with her effort to have the deed of trust dated February 24, 1942, revoked, declared legally null and void. The proper proceeding

434

to test the validity of the deed would be by petition for citation to show cause why the deed should not be set aside and declared invalid, which, when at issue, would be referred to a master. In the instant case, however, the question may be raised upon an accounting by the trustees for the period of their administration of the trust estate, approximately 6 years. At the audit of that account, petitioner may, by proper proceeding and the production of evidence, continue her effort to have the deed set aside and to have the principal presently held in trust awarded to her.

The preliminary objections to the petition for review are sustained, the review of the adjudication is denied, and the petition for review is dismissed.