## Schmitz Trust

Before Klein, P. J., Bolger, Hunter, Lefever, Saylor and Shoyer, JJ.

*Bernard S. Ochman* and *Stanley M. Greenberg,* for petitioner.

*Herman Lang Sundheim,* contra.

KLEIN, P. J., June 24, 1955.—Elizabeth Schmitz and her son, Harry J. Schmitz, petitioner in the present proceedings, executed an agreement of trust on April 24, 1950, conveying certain property, including premises 1959 Sixty-ninth Avenue, Philadelphia, to Marie S. Bayer, Elizabeth Schmitz's niece, as trustee. The trust instrument provided for certain benefits to settlors for their lives and upon the death of the survivor the residue was given to the trustee and her husband, Joseph L. Bayer, or the survivor, and if neither survived to their issue.

Elizabeth Schmitz died January 22, 1954, whereupon an account was filed by Marie S. Bayer which was duly confirmed by Lefever, J., by adjudication dated June 24, 1954. Marie S. Bayer tendered her resignation as trustee and Tradesmens Land Title

Bank and Trust Company was appointed succeeding trustee.

By the adjudication the account was confirmed and the corpus of the trust awarded to the corporate trustee. The adjudication directed the filing of a schedule of distribution, which was filed and approved by the auditing judge on September 24, 1954.

Harry J. Schmitz is now seeking to have the trust agreement invalidated, contending that it was procured by fraud. To this end, he filed a petition on January 7, 1955, to show cause why the trust should not be set aside and the entire trust res awarded to him.

The succeeding trustee filed preliminary objections contending that petitioner was estopped by reason of the adjudication from challenging the validity of the trust instrument. On February 21, 1955, a decree was entered by the court sustaining the preliminary objections, pro forma, without prejudice to the rights of petitioner to file a petition for review of Judge Lefever's adjudication.

Accordingly, on February 25, petitioner filed the present petition seeking to review the adjudication in order that he might proceed with his efforts to set the trust aside. He alleges, inter alia: (a) That he is a person of "inferior intelligence"; (b) that the execution of the trust agreement was procured through the fraud and undue influence of his first cousin, Marie S. Bayer, and her husband, Joseph L. Bayer, and (c) that he was not represented by counsel when he executed the trust instrument or at the audit of the account.

The succeeding trustee has filed preliminary objections which are largely of a technical nature.

When a matter is heard on petition and preliminary objections, the well pleaded averments in the petition are to be taken as true: Shaffer et al. v. Shaffer et al., 354 Pa. 517 (1946) ; Hamilton Estate, 351 Pa. 419

(1945). If the facts alleged in the petition for review are accepted as verity, as they must be for the purpose of this argument, a serious injustice may have been perpetrated upon petitioner.

If we were to sustain the preliminary objections solely because of technical defects in the pleadings, Harry J. Schmitz, petitioner, would be deprived of his "day in court", and the right to present the evidence upon which he bases the serious accusations contained in his petition. Such a result cannot be permitted by a court of equity.

We repeat what we said in Diamandas Estate, 73 D. & C. 334 (1950):

"We have often expressed reluctances to dispose of litigation upon preliminary objections, as experience has convinced us that the ends of justice are best served when the parties are given full opportunity to present the complete factual situation to the court: Rodger's Estate, No. 610 of 1950, O. C. of Philadelphia County (not reported); Reichert's Estate, 52 D. & C. 254 (1944); Fox Estate, Jan. Term 1922, No. 568 O. C. of Philadelphia County (not reported); Kauffman's Estate, No. 2608 of 1949, O. C. of Philadelphia County (not reported)."

See also: Gallagher v. Merry, 366 Pa. 258, 261 (1951).

Without in any manner prejudging the case or expressing any views with respect to the truth or falsity of petitioner's allegations, we are constrained to observe that this is particularly a case which requires a full and complete disclosure. If petitioner's allegations are true, a person of inferior intelligence may have been deprived of his meagre inheritance by one of his closest relatives. If the allegations are not true, Marie S. Bayer and her husband should eagerly welcome the opportunity of clearing their names, especially since their counsel vigorously maintains that all of their

efforts have been made unselfishly to further the best interests of petitioner.

Accordingly, the preliminary objections are dismissed and leave is granted to respondents to file an answer within 30 days from the date of this opinion.