## Smith Estate

Before Klein, P. J., Bolger, Lefever, Saylor, Shoyer and Burke, JJ.

*Benjamin Lipschultz,* for petitioner.

*Frank X. O'Brien* and *Joseph V. Furlong, Jr.,* for respondent.

KLEIN, P. J., October 26, 1962.—Margaret J. Smith died on May 24, 1958, intestate, leaving to survive her, a sister, Brigid Murray, residing in Ireland, and a number of nieces and nephews. Letters of administration were granted by the register of wills to James Francis Gannon on November 9, 1961.

On March 9, 1962, the administrator filed a petition, upon which a citation was awarded, directed to Anna A. Dolan, a niece of decedent, to show cause why she should not surrender to the administrator "the savings account No. E21539 of Germantown Saving Fund Society, showing a balance of $13,463.85, and all other personal property of the decedent, Margaret J. Smith, which is in her possession."

Preliminary objections were filed by the respondent. A decree was entered May 22, 1962, sustaining the

preliminary objections *pro forma* and granting petitioner leave to file an amended petition within 30 days.

An amended petition was filed on June 18, 1962, to which respondent also filed preliminary objections, which are now before us for consideration.

Although the amended petition cannot be considered a model of careful pleading, we believe it sets forth a cause of action sufficiently to require an answer.

Let us examine its averments, bearing in mind the settled rule of law that when a matter is heard on petition and preliminary objections, the well pleaded averments in the petition are to be taken as true: Shaffer v. Shaffer, 354 Pa. 517 (1946) ; Hamilton Estate, 351 Pa. 419 (1945).

The amended petition recites, inter alia, that decedent opened a savings account on April 18, 1942, with the Germantown Saving Fund Society, being account no. E21539, in which there was a balance of $13,463.85; that decedent entered Chestnut Hill Hospital on April 28, 1958, and underwent surgery for "carcinoma of the ovary and metastisis" on May 8, 1958; that subsequent to the operation "decedent began to lose weight, suffered from loss of appetite, and during the three days immediately preceding her death" was unable to retain any nourishment; that the respondent, Anna M. Dolan, visited decedent while she was hospitalized and attended to some of the personal affairs of decedent during that period; that on May 22, 1958, two days before decedent died, the name of Anna M. Dolan was added to the account, as a result of which withdrawals could be made by either party, with a further provision that upon the death of one of the parties, the survivor would have full control of the account.

The amended petition also sets forth that when the transfer was executed, decedent "was neither mentally nor physically able to execute such a transfer"; that the

transfer contract was never explained to decedent; and that she "did not intend to make a gift of the said savings account or any part thereof to the said Anna A. Dolan."

Petitioner also alleges that "prior to her death the decedent had consistently and repeatedly expressed a desire to provide for her sister, Brigid Murray, and had stated that she would make no provisions for her nieces and nephews", and charges that "Anna A. Dolan took advantage of her relationship with the decedent and by the exercise of fraud and/or mistake, duress and undue influence exerted upon the deceased, caused her name to be added to the savings account of the decedent."

If the facts contained in the amended petition are true, and they must be considered as such at this stage of the litigation, a serious fraud may have been perpetrated upon decedent. The charge is made that a dying woman, physically and mentally weakened, without adequate explanation, was induced to transfer substantially her entire estate to a niece who was temporarily attending to some of her personal affairs, to the exclusion of a sister for whom she had consistently expressed a desire to make provision.

The position taken by the respondent is extremely technical. We believe, however, that a bare recital of the averments of the amended petition makes it imperative that we brush aside technicalities and give the administrator his day in court, especially since all of the circumstances attending the transfer of the account are within the peculiar knowledge of the respondent and cannot reasonably be ascertained by the petitioner until full disclosure is made by the respondent.

In Schmitz Trust, 3 D. & C. 2d 185, 197 (1955), and in Diamandas Estate, 73 D. & C. 334, 336 (1950), we said:

"We have often expressed reluctance to dispose of litigation upon preliminary objections, as experience has convinced us that the ends of justice are best served when the parties are given full opportunity to present the complete factual situation to the court: Rodgers' Estate, No. 610 of 1950, O. C. of Philadelphia County (not reported) ; Reichert's Estate, 52 D. & C. 254 (1944) ; Fox Estate, Jan. Term 1922, No. 568, O. C. of Philadelphia County (not reported) ; Kauffman's Estate, No. 2608 of 1949, O. C. of Philadelphia County (not reported) . . ."

See also Gallagher v. Merry, 366 Pa. 258, 261 (1951).

Accordingly, we enter the following

### Decree

And now, October 26, 1962, the preliminary objections are dismissed. Leave is granted to respondent to file an answer on the merits within 30 days from the date of this decree.