J-A06024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE:  ESTATE OF ANNA M. SCUTCHALL | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF:  GEORGE E. WENGER, JR. | No. 1271 MDA 2015 |

Appeal from the Order Entered June 30, 2015
In the Court of Common Pleas of Franklin County
Orphans' Court at No(s): 89-OC-2012

BEFORE:  LAZARUS, J., STABILE, J., and DUBOW, J.

MEMORANDUM BY LAZARUS, J.:          **FILED SEPTEMBER 27, 2016**

George E. Wenger, Jr. ("Appellant"), as Administrator Pro Tem of the Estate of Anna M. Scutchall, Deceased (the "Estate"), appeals from the order entered in the Court of Common Pleas of Franklin County, Orphans' Court Division, granting preliminary objections filed by the Commonwealth of Pennsylvania, as *parens patriae* for charities, and dismissing the Amended Petition to Void Action By Decedent's Former Power of Attorney, filed on behalf of the Estate.  Upon careful review, we affirm.

The Orphans' Court set forth the salient facts of this case as follows:

This [case] revolves around actions taken by Chester Grove, Jr.[,] in his capacity as agent under a durable power of attorney executed by Anna M. Scutchall during the brief period between her husband[] Merrill's death on January 15, 2012, but prior to her death on March 29, 2012.

The matter at issue is the distribution of Allianz Annuity [92] and Allianz Annuity [90].  Annuity [92] was possessed by Merrill and named Anna as sole beneficiary.  If Anna failed to survive [Merrill] by 30 days, the American Cancer Society and the American Arthritis Foundation [("Charities")] each were to

receive 50% of the value of the annuity. The total value of the annuity was $479,600.00. Chester Grove, Jr.[,] served as agent under [the] respective durable power[s] of attorney[] for both Merrill and Anna as they did not have family in the area who could assist them, and they trusted Chester Grove, Jr.[,] to act on their behal[ves]. According to the Amended Petition, Anna has two adult children who reside outside of Pennsylvania, and Merrill was their stepfather. Accepting the Petitioner's averments as true, Annuity [92] was the only asset owned solely by Merrill, as all other annuities were owned solely by Anna, and the remaining real and personal property was jointly owned by Anna and Merrill, and presumptively was distributed to Anna subsequent to Merrill's death.

After Merrill's death, [Grove] received written notice that Annuity [92] could be claimed by Anna. [Grove] executed a fixed annuity claim form issued by Allianz as agent for Anna M. Scutchall[,] electing the spousal option to continue the contract under her name. The options for either a five[-]year deferral, receipt of a lump sum, to receive payment over her life expectancy, or other annuity options were not exercised. As part of electing . . . to continue distribution under Merrill's spousal option, [Grove] designated the American Cancer Society and [the] Arthritis Foundation to each receive 50% of the balance upon Anna's death. [Grove] signed the claim form and submitted it on February 25, 2012, indicating he was executing the form as attorney-in-fact for Anna M. Scutchall.

In addition, at or about the same time that [Grove] submitted the final annuity claim form for Annuity [92], he also issued a service request on behalf of Anna Scutchall as to Annuity 90, in which he designated the American Cancer Society as the 100% beneficiary[.] Upon the death of Anna M. Scutchall on March 29, 2012, [Grove] presented the will of Anna M. Scutchall dated October 12, 2011 for probate with the Franklin County Register of Wills, in which within its body it indicates that the beneficiaries of her will were to be her husband, if he survived her, and if not, then her children, Mary Catherine Miller and Robert R. Norris. There were no provisions for charitable gifts within her last will and testament. The Allianz [92] annuity was paid out equally to the American Cancer Society and the Arthritis Foundation. [Grove], presumably having been made aware that his prior activities with the designations of the annuities may not have been consistent with [Anna's] intent, and accepting the Petitioners' averments that as of the time that [Grove] took such

actions, he could not consult with Anna due to her alleged incapacity, commenced litigation within the Orphans' Court to set aside the designations that he had previously entered as agent under [Anna's] durable power of attorney [("Petition to Void"). Grove did so in his capacity as executor of Anna's will.] [Grove] also issued a notice to Allianz to not disburse Annuity [90] as he would be taking action to set aside the designations he previously made for Anna as her agent.

Orphans' Court Opinion, 6/30/15, at 2-4.

Grove sent notice of his original Petition to Void to Allianz and the Charities; however, he failed to provide the required notice to the Commonwealth in its capacity as *parens patriae* for charities[1] until June 25, 2013, nearly one year after the petition was filed. On June 11, 2013, Grove, joined by intervenors Miller and Norris, filed a petition for leave to amend the original Petition to Void to include a request to void the beneficiary designation for Allianz Annuity 90, as the original petition had referenced only Annuity 92. On July 3, 2013, the Charities filed a response in opposition to the petition for leave to amend. On July 24, 2013, the Commonwealth filed an answer with new matter and counterclaim to the Petition to Void, as well as an answer in opposition to the petition to amend.

On December 20, 2013, Grove filed a complaint to join as an additional defendant David Pankiw, the financial advisor to Anna and her

---

[1] Former Pa.O.C.R. 5.5 (now Rule 4.4) requires that "[i]n every court proceeding involving or affecting a charitable interest . . . at least 20 days advance written notice thereof shall be given to the Attorney General of the Commonwealth[.]"

husband, Merrill, whom Grove claimed was ultimately responsible for designating the Charities as beneficiaries under the annuity policies.

After a hearing, the Orphans' Court granted Grove leave to amend the Petition to Void. Grove filed an amended petition on May 16, 2014, which was substantially the same as the original petition but also included averments relating to Annuity 90. Shortly thereafter, on May 28, 2014, Grove died; Appellant was subsequently appointed Administrator Pro Tem of Anna's Estate and continued to prosecute this matter. On June 17, 2014, the Commonwealth filed preliminary objections to the Amended Petition to Void, asserting various objections including failure to state a claim upon which relief can be granted and failure to join Grove, as former agent for Anna, as an indispensable party. By order dated June 30, 2015, the Orphans' Court issued an order sustaining the Commonwealth's preliminary objections relating to legal insufficiency and failure to join an indispensable party and stated that the action would be dismissed unless Appellant filed an amended pleading. Appellant opted not to file an amended pleading, choosing instead to file a notice of appeal to this Court.[2]

_____

[2] In its Appellee's brief, the Commonwealth argued that this appeal should be quashed because the Orphans' Court's order was not final, as it granted petitioner leave to file an amended pleading. *See Lichtenwalner v. Schlicting*, 552 A.2d 302 (Pa. Super. 1989) (order sustaining preliminary objections in nature of demurrer and directing plaintiffs to file amended complaint is interlocutory and not appealable). However, on January 11, 2016, Appellant filed with the Franklin County Clerk of Courts a praecipe to enter judgment. Accordingly, we may consider the merits of this appeal. *(Footnote Continued Next Page)*

Appellant raises the following issues for our review:

1.  Whether the [O]rphans' [C]ourt erred as a matter of law in dismissing the case for lack of an indispensable party when the Commonwealth previously joined the alleged indispensable party, namely Chester Grove, on the original petition as a counterclaim defendant.

2.  Whether the [O]rphans' [C]ourt erred as a matter of law [in holding] that granting relief under the Amended Petition would undermine the notion of finality of contracts when [the] Estate is not seeking to modify the contract, but rather is seeking to recover the assets which would have rightfully belonged to the Estate had the agent not changed the beneficiary without ascertaining the probable intent of the principal.

Brief of Appellant, at 2-3.

Appellant's first claim is that the Orphans' Court committed an error of law in dismissing the action for failure to join Grove as an indispensable party.  Appellant asserts that Grove was, in fact, joined in the action through the Commonwealth's counterclaim to the original Petition to Void.[3]  We disagree.

In this case, Chester Grove acted in two distinct fiduciary capacities, the legal effect of which is no different from what it would have been had two separate individuals acted in each representative capacity.  *See In re Hamilton's Estate*, 41 A.2d 567, 570 (Pa. 1945), quoting *In re Mack's*

*(Footnote Continued)* _____

*See Johnston the Florist, Inc. v. TEDCO Construction*, 657 A.2d 511 (Pa. Super. 1995) (jurisdiction in appellate courts may be perfected after appeal notice has been filed upon docketing of final judgment).

[3] We note that Appellant does not argue that Grove is not an indispensable party and, therefore, will proceed with our analysis accordingly.

- 5 -

*Estate*, 169 A. 468, 469 (Pa. Super. 1933). During Anna's life, Grove served as her agent pursuant to a power of attorney. It was as Anna's agent that Grove authorized the beneficiary designations that are at issue in this matter. Following Anna's death, Grove served as the executor of her will. It was during his time as executor that Grove concluded he had erred, in his former capacity as agent, by naming the Charities as the beneficiaries of Anna's annuities. As former agent, Grove (now that he is deceased, his estate) is answerable to Anna's estate for actions he took during his tenure as agent. However, because of his dual fiduciary roles, a conflict of interest arose when Grove – in his capacity as executor – questioned his own actions as agent.

When Grove filed his original Petition to Void, he did not name himself, as former agent, as a respondent, despite his reliance on section 5603 of the Probate, Estates and Fiduciaries Code ("PEF Code"), which provides, in pertinent part, that: "[a]n agent . . . shall be liable as equity and justice may require to the extent that, as determined by the court, a beneficiary designation made by the agent is inconsistent with the known or probable intent of the principal." 20 Pa.C.S.A. § 5603. The Commonwealth also cited section 5603 and, in the prayer for relief included in its counterclaim to the original petition, requested that the court "order [Grove], personally, [to] restore the full amount of the annuity contracts to the estate if his actions are deemed improper" and also sought his removal as executor due

to the inherent conflict of interest. However, Grove was never formally joined as a party to the action.

Subsequently, Grove sought leave to file an amended petition, which the court granted. Where such an amended petition is filed, the original petition is superseded and rendered a virtual nullity. ***Brooks v. B & R Touring Co.***, 939 A.2d 398, 402 (Pa. Super. 2007) (amended complaint, once filed, becomes operative pleading). In essence, the case began anew with the filing of the Amended Petition to Void. Accordingly, Grove was required to effect proper service of the Amended Petition in order for the court's jurisdiction to attach to the respondents. Indeed, Grove obtained citations[4] for respondents the American Cancer Society, Allianz Life Insurance Company of North America, the American Arthritis Foundation, the Commonwealth of Pennsylvania as *parens patriae*, and David Pankiw.[5] A certificate of service filed by counsel for the estate certifies that the citations were duly served upon the attorneys for the named respondents. Grove, however, was neither named as a respondent in the Amended Petition, nor served with a citation. Accordingly, the Orphans' Court never obtained

---

[4] Pursuant to section 764 of the PEF Code, "[j]urisdiction of the person shall be obtained by citation to be awarded by the orphans' court division upon application of any party in interest." 20 Pa.C.S.A. § 764.

[5] Earlier in the proceedings, Grove had joined Pankiw as an additional defendant to the original petition.

personal jurisdiction over him with respect to the Amended Petition to Void, which superseded the original Petition to Void. *See id.* Because Appellant does not dispute that Grove (now, his estate) is an indispensable party,[6] the Orphans' Court correctly dismissed the action for failure to join him as a party.[7]

Order affirmed.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/27/2016

_____

[6] Notably absent from Appellant's brief is any assertion that Grove's estate is not an indispensable party to this action. In fact, Appellant effectively concedes this fact. Appellant's brief states: "The fact that [Grove] became the executor of the Estate and initiated the action seeking to recover the Annuity proceeds for the Estate by invalidating the beneficiary designations . . . potentially makes [Grove] liable under 20 Pa.C.S.A. § 5603(p)(3)." Brief of Appellant, at 16. Appellant goes on to assert that "[b]y dismissing the action, [Anna's children] lose the right to have the court adjudicate Anna's known or probable intent **and allocate the liability between the agent and beneficiary**[ pursuant to section 5603(p)(3)]." *Id.* at 17.

[7] Because the Orphans' Court properly dismissed this case for failure to join an indispensable party, we need not address Appellant's second claim.